IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHELIA DUPREE; and DENNIS DUPREE                                PLAINTIFFS

vs.                                                             No. 1:06CV162-D-D

BARNHILLS BUFFET, INC.; and
SPIRIT FINANCE CORPORATION                                      DEFENDANTS

OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the County Court of Lowndes County, Mississippi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

A. *Factual Background*

On April 1, 2005, the Plaintiff Shelia Dupree allegedly fell and was injured while on the premises of the Defendant Barnhills Buffet, Inc.'s Columbus, Mississippi, restaurant. The Plaintiffs subsequently filed this negligence and loss of consortium suit in the County Court of Lowndes County, alleging that the Defendants' conduct in connection with the subject incident renders them liable under various causes of action including negligence. The Plaintiffs seek both compensatory and punitive damages in excess of $75,000.00.

The Defendants removed the case to this court asserting diversity jurisdiction as the jurisdictional basis for removal. Thereafter, the Plaintiffs motioned the court to remand this matter to state court contending that because complete diversity between the parties does not exist, federal diversity jurisdiction is not present and this court lacks subject matter jurisdiction.

B. *Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Here, the Defendants allege that the requirements for diversity jurisdiction are satisfied. The Plaintiffs assert, however, that diversity jurisdiction is not present because the Defendants have not proven that diversity of citizenship between the parties exists.[1]

For the reasons set forth below, the court finds that the Plaintiffs' contentions are incorrect. The Defendants have met their burden of establishing the existence of federal diversity jurisdiction, and the Plaintiffs' motion to remand this cause shall therefore be denied.

## C. Discussion

The Plaintiffs assert that diversity of citizenship between the parties is not present because one of the Defendants, Spirit Finance Corporation, is incorporated in the state of Mississippi, the same state where the Plaintiffs are resident citizens. Spirit avers, however, and the court agrees, that it is not a citizen of the state of Mississippi, but rather is a corporation incorporated in the state of Maryland with its principal place of business in Arizona. The Plaintiffs were apparently basing their

---

[1]The Plaintiffs do not dispute that the amount in controversy requirement has been satisfied.

assertion of Mississippi incorporation for Spirit on inaccurate information gleaned from the Mississippi Secretary of State's website, which has since been corrected. Upon review of the pertinent incorporation documents, the court hereby finds that Spirit Finance Corporation is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Scottsdale, Arizona.

The court therefore holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is present - the matter in controversy exceeds the sum of $75,000.00, and is between citizens of different states. As such, the court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiffs' motion to remand is denied.

A separate order in accordance with this opinion shall issue this day.

This the 26 day of December 2006.

/s/ Glen H. Davidson
Chief Judge