### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

SHELIA DUPREE AND
DENNIS DUPREE                                                              PLAINTIFFS

V.                                                              CAUSE NO: 1:06CV162-SA

BARNHILLS BUFFET, INC. AND
SPIRIT FINANCE CORPORATION                                              DEFENDANTS

### MEMORANDUM OPINION GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT

This cause comes on for consideration on Defendant Spirit Finance Corporation's Motion for Summary Judgment and Plaintiffs' Motion for Reconsideration. The Court, having reviewed submitted briefs and relevant law, is of the opinion Defendant's Motion for Summary Judgment should be **GRANTED**. The Court finds that Plaintiffs' Motion for Reconsideration should be **DENIED**. The Court finds the following:

### *BACKGROUND*

On April 1, 2005, the Plaintiff, Shelia Dupree, while exited the premises of Barnhills Buffet, Inc., (hereinafter "Barnhills"), in Columbus, Mississippi, allegedly tripped and fell on the walkway leading to the parking lot. The Plaintiff avers that the uneven walkway caused her fall. Spirit Finance Corporation (hereinafter "Spirit") owned the property, which Barnhills leased for the purpose of operating a restaurant. The Master Lease agreement states, in part,

> During the Lease Term, the Properties shall be used solely for the operation of a Permitted Facility, and related purposes such as ingress, egress and parking. Lessee shall at all times during the Lease Term occupy the Properties and shall diligently operate its business on the Properties.

Notably, the Master Lease Agreement does not mention any language that Defendant Spirit was to retain any duty of repair and/or control. Spirit contends it did not control the premises.

Shelia Dupree and Dennis Dupree bring this suit against Barnhills, the lessee of the premises, and Spirit Finance Corporation, the lessor of the premises. They cite Defendant's failure to maintain and/or inspect the exterior surfaces, failure to extend the exterior ramp, failure to properly design the building's exterior surface, failure to keep the premises reasonably safe, failure to exercise reasonable care to remedy the condition, and negligent failure to warn individuals, such as the Plaintiffs, of the defective and/or dangerous condition which then and there existed, which was known or should have been known by Defendants.

On September 27, 2007, Defendant Spirit filed a Motion for Summary Judgment. To this day, the Plaintiffs have failed to respond to the aforementioned motion. Subsequently, this Court dismissed Barnhills as a party without prejudice due to pending bankruptcy matters, and Plaintiffs filed a Motion for Reconsideration asking the Court to stay this case until the automatic stay is lifted pursuant to 11 U.S.C. § 362.

### *SUMMARY JUDGMENT STANDARD*

To be entitled to summary judgment, a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) compels the court to grant summary judgment "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992) (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2548). In reviewing the motion, the Court must view the evidence submitted in light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

### *DISCUSSION*

*Motion for Reconsideration*

Plaintiffs argue this Court should stay this case until the automatic stay is lifted in Barnhills' bankruptcy proceeding. Indeed, as stated in the Judgment of Dismissal, this Court retains complete jurisdiction to vacate its order and reopen the action against Barnhills upon a motion advising the court that the bankruptcy proceedings have been closed and further litigation against the Defendant is necessary. The bankruptcy proceedings have not been closed, and therefore, this Court will not reopen the action until such a time. Thus, Plaintiffs' Motion for Reconsideration is **DENIED**.

*Motion for Summary Judgment*

Under Mississippi law, which is applicable in this case, it is well established that when parties do not allocate responsibility for keeping a leased premises safe through

contract, Mississippi common law "places that duty squarely on the party who possesses or controls the property." Titus v. Williams, 844 So. 2d 459, 466 (Miss. 2003) (quoting Wilson v. Allday, 487 So. 2d 793, 796 (Miss. 1986)). Furthermore, a landlord/lessor has no obligation to make repairs to leased premises, even if they are necessary, in the absence of a contract to do so. Dulin v. Sowell, 919 So. 2d 1010, 1013 (Miss. Ct. App. 2005) (citing Ford v. Pythian Bonholders, 78 So. 2d 743, 748 (Miss. 1955)).

In sum, "[a] tenant/lessee/occupier of premises owes a duty of reasonable care to its invitees for the demised property and such necessary incidental areas substantially under its control…and which he invites the public to use." Albert v. Scott's Truck Plaza, Inc., 978 So. 2d 1264, 1267 (Miss. 2008) (quoting Wilson, 487 So. 2d at 798); see generally 62 Am. Jur. 2d Premises Liability § 12; 49 Am. Jur. 2d Landlord & Tenant, § 982; 52 C.J.S. Landlord & Tenant § 434.

The Plaintiffs have not brought forth a scintilla of proof that Defendant Spirit occupied, possessed, or controlled the premises. Defendant Spirit, the absentee landlord, had no contractual duty to make repairs to the property, did not occupy, exercise control over, or frequent the premises in question, and was not aware of the Plaintiffs' presence. See Titus, 844 So. 2d at 465-66. Rather, Barnhills possessed and fully controlled the premises, and no evidence exists to the contrary. Therefore, liability, if any, attaches to dismissed Defendant Barnhills and not to Defendant Spirit. Plaintiffs have failed to create a genuine issue of material fact that Defendant Spirit controlled or possessed the premises. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

*CONCLUSION*

In sum, the Court will not reopen the case against Barnhills unless and until the bankruptcy proceeding comes to a close. Therefore, Plaintiffs' Motion for Reconsideration is **DENIED**. Furthermore, the Plaintiffs have not created a genuine issue of material fact that the Defendant Spirit was in control or possession of the premises. Thus, Defendant's Motion for Summary Judgment is **GRANTED**.

A separate order shall issue in accordance with this opinion.

**SO ORDERED**, this the 5th day of June, 2008.

**/s/ Sharion Aycock_____**
**U.S. DISTRICT COURT JUDGE**